ATLAS NATIONAL BANK *vs.* NATIONAL EXCHANGE BANK.

Suffolk.    March 14, 1901. — April 15, 1901.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

A custom of banks sending notes through a clearing-house fixing a time within business hours when the conditional payment of a note by its having gone through the clearing-house becomes absolute if the note is not returned if established by proof, is valid.

In an action by a bank to recover back money paid by it to another bank through the Boston clearing-house on a note of a corporation which failed the same day, the defendant sought to prove a custom of banks sending notes through the clearing-house fixing a time within business hours when the conditional payment of a note by its having gone through the clearing-house becomes absolute if the note is not returned. The judge below in reporting the case stated his action as follows: "I find also that such a rule has not been established by a universal, uniform and general custom, and rule that a custom, if one exists, to return such notes before the end of the business hours of the receiving bank would be bad." *Held,* that this was not a finding of fact that no such custom existed, but a ruling of law that such a custom if it existed would be bad.

Where the conclusion of a report of a case from the Superior Court declared that "If the said rulings of law and refusals to rule, or any of them are wrong, judgment is to be entered for the defendant," and the judge in reporting the case stated that he signed the report in this form "understanding that no other course was open" to him under a decision of this court given at a previous stage of the case, whereas this court had not intended to give any directions upon the point, this court did not give judgment for the defendant, although one of the rulings referred to was wrong, but ordered the report discharged and a new trial granted.

CONTRACT for money had and received, to recover the amount paid by the plaintiff through the Boston clearing-house on a note of the Boston Woven Hose and Rubber Company indorsed by the Lawrence National Bank and by the defendant. Writ dated August 24, 1898.

The case was heard in the Superior Court by *Hopkins,* J., who found for the plaintiff and reserved the case for the consideration of this court. This court in a decision reported in 176 Mass. 300, ordered that the report should be discharged, that the defendant might have an opportunity to present to the Superior Court a motion for an amendment of the report or for such other action in the premises as it might be advised to pursue.

The report originally concluded as follows : " The case is now reported to the Supreme Judicial Court. If, as matter of law on the foregoing facts, the plaintiff is not entitled to recover, judgment is to be entered for the defendant ; otherwise judgment is to be entered upon the above finding for the plaintiff."

After the report was discharged by order of this court, the defendant presented in the Superior Court to *Hopkins*, J., a motion to amend the original report by striking out in the conclusion thereof the words, " if as matter of law on the foregoing facts, the plaintiff is not entitled to recover," and substituting therefor the words, " if the said rulings of law and refusals to rule, or any of them are wrong," so that said report should conclude as follows : " If the said rulings of law and refusals to rule, or any of them are wrong, judgment is to be entered for the defendant, otherwise judgment is to be entered upon the above finding for the plaintiff."

The plaintiff at the same hearing presented a motion to amend the original report by making certain additions to the testimony reported.

The judge reported his action on these motions as follows: " I denied the plaintiff's motion and allowed the defendant's motion to amend, understanding that no other course was open to me under the last paragraph of the opinion of the Supreme Judicial Court in this case." The case came again before this court on the amended report.

On the day that the plaintiff bank paid the note, through the settlement of its daily balance at the clearing-house, it found out that the Boston Woven Hose and Rubber Company had made an assignment, and sent back the note to the defendant bank, but this was at or about three o'clock P. M., after banking hours, although the defendant bank happened to be open. The clerk there refused to receive it. At ten minutes before one o'clock, time had been asked for by the Hose Company and granted by the plaintiff. There was evidence, that there was a rule or custom that notes must be returned before two o'clock or, if time was given, at two o'clock. These and other facts appearing by the report are stated at length in the opinion reported in 176 Mass. 300, and conclusions of fact warranted by the evidence are stated in the present opinion.

*J. P. Sweeney*, for the defendant.

*A. Hemenway*, (*C. B. Barnes, Jr.* with him,) for the plaintiff.

LORING, J.   In the former opinion in this case, 176 Mass. 300, we stated at length the grounds on which we were of opinion that there had been a mistrial, and it is not necessary now to restate them in detail.

There was evidence (1) that sending the note through the clearing-house was a presentment of it for payment, and (2) that, although there was not a universal custom to send notes through the clearing-house, there was a universal custom among those banks which did so, by which the time was fixed when the conditional payment became absolute, in case the note sent through the clearing-house had not been returned; on this point, there seems to have been no conflict in the testimony. As to what that time was, there was some conflict; but with the single exception of the testimony of the cashier of the plaintiff bank, who was responsible for the note in question not having been returned earlier in the day, it appeared that the note was not returned within the time fixed by the custom. And further, there was evidence that, (3) even if the custom was not universal, the conditional payment of this note had become absolute; the evidence warranting that finding is the testimony of the cashier of the plaintiff bank that when the treasurer of the Hose Company told him at or about three o'clock that it had made an assignment, he said to him that his bank had paid the note and that he had paid it to accommodate the Hose Company. This testimony, coupled with the evidence of the custom (even if it was found not to be a universal one), and the evidence that notes were habitually sent through the clearing-house by the two banks in question, justified such a finding; the obvious, if not the only, meaning of it is that, by not returning the note, he, the cashier of the plaintiff bank, had designedly omitted to return the note, with the intention of allowing the conditional payment to become an absolute one, to accommodate the Hose Company, which was one of its depositors, and had thereby paid it for the company, though not in funds at the time. Had it not been for the testimony of the same witness that, where time is given on a note, which has gone through the clearing-house, there is no exact hour at which the note must be

returned, unless it is necessary to return it before the safe of the bank in question is locked for the day, and that the note in question was seasonably returned, it is hard to see why the defendant would not have been entitled to a finding in this connection as matter of law. These issues of fact were not passed upon by the presiding judge as they should have been; and the presiding judge was wrong in ruling that a custom would be invalid, which fixed a time within business hours when the conditional payment of a note, made by the note having gone through a clearing-house, becomes absolute. For these reasons there was a mistrial.

The plaintiff contends that the error of the judge in making this ruling does not entitle the defendant to a new trial because the judge found as a fact that no such custom existed. We do not think that the report should be so construed; the finding was: " I find also that such a rule has not been established by a universal, uniform and general custom, and rule that a custom, if one exists, to return such notes before the end of the business hours of the receiving bank would be bad." This is followed by an elaborate argument in support of this ruling, which covers three and one half pages of the printed record. Taking the two parts of the sentence together, the report should not be construed, as the plaintiff contends, to be a finding of fact.

It is stated in the present report that the clause setting forth the terms, on which the case is to be disposed of, was inserted by the judge because he thought no other course was open to him under the former opinion. In the former opinion we did not intend to give any directions on that point and for that reason we think that this report should be discharged.

*Report discharged ; new trial granted.*